FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG -2 AM 7: 57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS DELOR | CIVIL ACTION |
| VERSUS | NO. 04-3262 |
| INTERCOSMOS MEDIA GROUP, INC. | SECTION "J" (2) |

## ORDER ON MOTIONS

Pursuant to my previous order, Record Doc. No. 75, both parties have filed motions for sanctions and for protective orders concerning depositions in this case. The evidence submitted in connection with the motions includes various affidavits and relevant excerpts from the transcripts of plaintiff's deposition, the deposition of Vivian Solares, and of a conference with the court. Record Doc. Nos. 88, 89 and 90. The parties have also filed opposition memoranda. Record Doc. Nos. 96, 105 and 115.

In its motion for a protective order and sanctions, defendant, Intercosmos Media Group, Inc., seeks reimbursement of certain attorney's fees, a contempt citation, monetary sanctions, dismissal of the case as a discovery sanction or, alternatively, an

Fee_____
Process_____
X  Dktd_____
_  CtRmDep_____
_  Doc. No_____

order regulating plaintiff's conduct. Record Doc. No. 88 (Memorandum in Support of Defendant's Motion at pp. 6, 10, 11). The alternative protective and/or sanctions orders proposed by defendant are attached as Exhibits M & N to plaintiff's motion.

In his motions for sanctions and for protective order, Record Doc. Nos. 89 and 90, plaintiff seeks an order (1) requiring that future depositions of three of defendant's witnesses be taken at the office of a court reporter in Clearwater, Fla., with all travel expenses to be paid by defendant; (2) permitting plaintiff himself to tape record the depositions, in addition to the court reporter's record, for his own use; and (3) sanctioning defense counsel, Stephen Huber.

Having considered the record, the written submissions of the parties, the evidence and the applicable law, and for the following reasons, **IT IS ORDERED** that the plaintiff's motions are DENIED and defendant's motion is GRANTED IN PART AND DENIED IN PART, as follows.

The Federal Rules of Civil Procedure contain several provisions designed to regulate and control conduct during a deposition. For example, Fed. R. Civ. P. 30(d)(4) provides in pertinent part: "At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or

party, the court in which the action is pending . . . may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c)."  In addition, "[a]ny objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner."  Fed. R. Civ. P. 30(d)(1).  The duration of a deposition "is limited to one day of seven hours," unless otherwise authorized by the court or stipulated by the parties.  Fed. R. Civ. P. 30(d)(2).

> Fed. R. Civ. P. 26(c) provides in pertinent part:
>
> Upon motion by a party or by the person from whom discovery is sought, . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (1) that the disclosure or discovery not be had;
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
> * * *
> If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

(emphasis added).  "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of

fact as distinguished from stereotyped and conclusory statements." In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998) (quotation omitted).

As to the sanctions available for a party's failure to obey a discovery order issued by the court, Fed. R. Civ. P. 37(b)(2) provides for a variety of measures, including an order "dismissing the action or proceeding or any part thereof," Fed. R. Civ. P. 37(b)(2)(c), or "an order treating as a contempt of court the failure to obey any orders," Fed. R. Civ. P. 37(b)(2)(D), and "[i]n lieu of any [other sanctions] or in addition thereto, the court shall require the party failing to obey the order . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award unjust." Fed. R. Civ. P. 37(b)(2). The Fifth Circuit has ruled, however, that the draconian sanction of dismissal is reserved only for instances in which a party has demonstrated a clear history of repeated delay or contumacious discovery conduct. F.D.I.C. v. Connor, 20 F.3d 1376 (5th Cir. 1994).

Applying the foregoing legal principles to the evidence submitted by the parties, I find that the evidence overwhelmingly supports defendant's position that plaintiff has violated this court's discovery orders and that a protective order and sanctions against plaintiff are warranted. I find the affidavits submitted by defendant credible. The

4

defense affidavits and transcript excerpts are clear and mutually corroborative. The defense affidavits are detailed, yet restrained, in their description of relevant events and include the supportive sworn statements of at least three disinterested persons who are not involved as lawyers or parties in this matter. They describe plaintiff's conduct in a manner that is consistent in many respects with the court's own observations of the manner in which plaintiff has conducted himself in this case.

Plaintiff's affidavit is not credible. It is exaggerated both in substance and in tone. It is substantially rebutted by the credible affidavits submitted by defendant. In addition, portions of it are inconsistent with or mischaracterize what actually occurred in conference with me or in deposition or colloquy of recorded proceedings. His description and characterization of the conduct of defense counsel is <u>not</u> consistent with the court's own observations of the manner in which defense counsel has conducted himself before this court. Plaintiff's affidavit is generally untrustworthy and does not support either the protective order or the sanctions he seeks.

In this case the court has entered several orders concerning the conduct of discovery, including an order that all parties comply with the court's Code of Professionalism, Record Doc. No. 37, and that depositions be conducted on certain

assigned dates at certain assigned places. Record Doc. Nos. 54, 58 and 74. Plaintiff has violated material parts of these orders.

Based on the credible evidence, I find that plaintiff's behavior during the depositions taken to date, and in other settings related to them, has been unacceptable. Plaintiff has been disruptive, obstreperous and harassing. He employs threatening words and conduct and sometimes vulgar language. He has proven himself incapable of adhering to the Federal Rules of Civil Procedure or the court's directives.

Under these circumstances, plaintiff's motions for a protective order and for sanctions are DENIED in all respects.

Defendant's motion is GRANTED IN PART and DENIED IN PART as follows. The portion of the motion seeking dismissal as a discovery sanction is denied in that I decline at this time to recommend to the presiding district judge that plaintiff's complaint be dismissed. Although plaintiff's behavior approaches the kind of continuous, contumacious conduct that mighty justify dismissal as a sanction, I find that imposition of a case dispositive sanction is not appropriate at this time, especially when the lesser sanctions imposed herein should prevent recurrences of plaintiff's misconduct that have caused the problems in this case.

Defendant's motion is also denied insofar as it seeks a contempt citation. Although plaintiff has disregarded the Federal Rules of Civil Procedure, this court's Local Rules, and several orders of the court (one requiring that he comply with the court's Code of Professionalism, another prohibiting him from bringing his own tape recorder to proceedings that are being recorded by a court reporter, and another setting depositions), I find that the lesser sanctions and Rule 26(c) protective order imposed herein will suffice adequately to address his behavior.

In addition to his other violations, plaintiff has failed to comply with my order, Record Doc. No. 75, that he identify in these motion papers all persons he wishes to depose in this case, stating that he "is unable to identify who else still must be deposed." Record Doc. No. 90 at p. 2. This statement is disingenuous and intentionally dilatory, given that plaintiff has engaged in extensive written discovery and less than two months remain before the final pretrial conference in this case.

Defendant's motion is granted insofar as it seeks entry of a protective order concerning discovery in this case and the imposition of sanctions in the form of reasonable attorney's fees and costs incurred by defendant in connection with plaintiff's misconduct. Although I decline to enter the precise protective orders proposed by defendant, considering plaintiff's failure to comply with my order concerning future

depositions and his other misconduct established by defendant's motion papers, the following protective order will be entered:

**IT IS ORDERED** that plaintiff, Thomas Delor, is hereby prohibited from noticing, initiating and/or conducting further oral depositions in this case under Fed. R. Civ. P. 30.  Any further depositions plaintiff wishes to conduct in this case must be in writing, pursuant to and in strict compliance with the provisions of Fed. R. Civ. P. 31, with his written questions limited to a total of 25 per witness (whether characterized as direct, cross, redirect or recross). Although plaintiff may appear in person and conduct cross-examination of any witness whose oral deposition is noticed by defendant, such questioning by plaintiff may not exceed one hour in duration, and any questioning by plaintiff must be videotaped by the attending court reporter, such videotaping to be paid for by plaintiff no later than three (3) days in advance of the deposition.

**IT IS FURTHER ORDERED** that plaintiff is hereby prohibited from communicating via telephone or e-mail with defense counsel, any employee or representative of defendant or defense counsel, any third-party witness, the court or any court staff in connection with this matter. All such communications by plaintiff must be in writing or via telefax, or may be made orally only in open court or outside of court only before a certified court reporter.

**IT IS FURTHER ORDERED** that plaintiff must pay defendant the sum of $3,300.00 to compensate defendant for the reasonable attorney's fees and costs incurred in connection with these motions and plaintiff's discovery misconduct, such amount to be paid into the registry of this court no later than within two (2) weeks of entry of this order and to be distributed to defendant upon motion and order of this court at the conclusion of this lawsuit.

**IT IS FURTHER ORDERED** that plaintiff's deposition is concluded. No further deposition questioning of plaintiff by defendant will be permitted. The time limit on individual depositions established in Fed. R. Civ. P. 30(d)(2) applies in this case and will not be varied. All future depositions conducted by defendant in this matter must be completed within the one-day, seven-hour time period provided in Fed. R. Civ. P. 30(d)(2).

**IT IS FURTHER ORDERED** that all future depositions noticed by defendant in this case must be conducted at a place convenient for the witness, specifically at the office of any certified court reporter near the residence of the witness.

New Orleans, Louisiana, this 1st day of August, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

cc: HON. CARL J. BARBIER