UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS DELOR                                            CIVIL ACTION

VERSUS                                                  NO: 04-3262

INTERCOSMOS MEDIA GROUP,                                SECTION: "J"(2)
INC.

### ORDER AND REASONS

On November 18, 2005, this Court issued an order directing plaintiff to show cause why he should not be sanctioned under Federal Rule 11(b)(3) and (4) for factual misrepresentations concerning the ownership of the domain name at issue in the captioned case. Those provisions state:

> (b) *Representations to Court*. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney **or unrepresented party** is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> * * * *
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

>     (4) the denials of factual contentions are warranted on
>     the evidence or, if specifically so identified, are
>     reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b)(emphasis added).

The duties imposed by Rule 11 apply to all pleadings, written motions, or other papers submitted to the Court.  See Fed. R. Civ. P. 11(a); Thomas v. Capital Sec. Servs., 836 F.2d 866, 875 (5th Cir. 1988)(en banc).  Thus, when a litigant files a pleading, he certifies to the best of his knowledge, information, and belief that he has conducted a reasonable inquiry into the factual allegations and denials which support the pleading and that it has adequate legal support, adequate factual support, and is not filed for an improper purpose.  See Fed. R. Civ. P. 11(b); Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1023 (5th Cir. 1994).

In determining whether a litigant has violated Rule 11, courts apply an objective (rather than subjective) standard of reasonableness.  See id. at 1024 (citing United States v. Alexander, 981 F.2d 250, 252 (5th Cir. 1993).  The conduct of the litigant is assessed at the time he submitted the offending pleading or motion.  Id.; see also Thomas, 836 F.2d at 875 (citing Fed. R. Civ. P. 11 Adv. Comm. Note).

Further, a plaintiff's pro se status is no bar to the imposition of Rule 11 sanctions.  As emphasized in the excerpt quoted above, by its terms, Rule 11 applies equally to attorneys

2

and pro se litigants, such as Mr. Delor. Fed. R. Civ. P. 11(b); see also Hicks v. Bexar County, Texas, 973 F. Supp. 653, 687 (W.D. Tex. 1997), aff'd, 137 F.3d 1352 (5th Cir. 1998)("The Fifth Circuit has made it clear that Rule 11 applies fully and completely to actions filed by pro se litigants.")(collecting cases).

As the Court found at the Rule held on November 30, 2005,[1] plaintiff violated Rule 11 by maintaining that he had never transferred ownership of the domain name from himself to Delor & Associates, Inc. ("DAI"), when he had in his possession voluminous documentation reflecting that he had done so, and in continuing to maintain this after defendant squarely raised the issue of ownership of the domain name in its motion filed on March 15, 2005.[2]

Once a court finds a litigant has violated Rule 11, the court has discretion to impose an appropriate sanction. See Fed. R. Civ. P. 11(c). The purpose of sanctions under Rule 11 is to deter rather than to compensate. See Fed. R. Civ. P. 11 Adv. Comm. Notes. Accordingly, "the sanction imposed should be the 'least severe sanction' adequate to deter future violations of

---

[1] The Court specifically incorporates by reference herein its comments made on the record at the November 30, 2005 hearing.

[2] The Court specifically incorporates by reference herein the findings set forth in its Order and Reasons entered November 18, 2005. Rec. Doc. 257.

Rule 11." Johnson v. Tuff N Rumble Management, Inc., 2000 WL 622612 (E.D. La. May 15, 2000) quoting Merriman v. Security Ins. Co., 100 F.3d 1187, 1194 (5th Cir. 1996). Sanctions may comprise "some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the Rule 11 violation." Johnson, 2000 WL 622612 at *9; Fed. R. Civ. P. 11(c)(2). However, the amount of fees awarded as a Rule 11 sanction is limited to expenses actually and directly caused by the filing of the pleading found to violate Rule 11. See Hicks, 973 F. Supp. at 689 (citing Jennings v. Joshua ISD, 948 F.2d 194, 199 (5th Cir. 1991).

In determining whether to impose a sanction, the court should consider:

> [w]hether the improper conduct was willful, or negligent; whether it was a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

Fed. R. Civ. P. 11 Adv. Comm. Notes.

Based on these factors, the Court concludes that a monetary sanction in the amount of $50,000, representing a portion of defendant's reasonable attorneys' fees and costs incurred from the date of the filing of their original Motion to Dismiss

Pursuant to Rule 17, on March 15, 2005, is warranted to deter future misconduct by Delor.  Delor's conduct has been willful, rather than negligent, as borne out by the fact that he persisted in his contention that he was the real party in interest to maintain this suit, even after defendant squarely raised the issue and suggested that the claim was DAI's.  The conclusion that Delor's actions in maintaining the suit are willful rather than negligent is buttressed by the fact that he has previously had a similar lawsuit dismissed based on the finding that Delor was not the real party in interest to maintain the suit.  <u>Delor v. ATX Telecommunications Servs., Ltd.</u>, 1996 WL 355334 (E.D. Pa. June 25, 1996).  Thus, Delor's prior experience leaves no doubt that despite his pro se status, he is aware of the legal requirement that only a real party in interest may prosecute a suit, and that his prior assignment meant that he was not the real party in interest.

Moreover, Delor's misconduct has not been isolated, but rather has infected the entire proceeding.  As the Court has stated previously in colloquy with the parties, Delor has conducted himself throughout this litigation as if it were a game in which tactical advantages were to be gained by any means. Plaintiff has been previously sanctioned by the Magistrate Judge for being abusive in depositions (Rec. Doc. 123), and he has been dishonest in representations to the undersigned.  For instance,

on June 27, 2005, Delor filed an opposition to a motion to dismiss (Rec. Doc. 72-1, Exh. A) in which he stated that the amount in controversy requirement was met because he had received over $400,000.00 in revenue from licensing the domain name. However, at the Rule to Show Cause held on November 30, 2005, Delor first stated that he had not sold or licensed the domain name for anything of value, and when pressed and confronted with the affidavit, modified his answer to state that he had licensed it for $200,000 plus stock now worth $13,000.  Delor has withheld discoverable documents (e.g. the June 18, 2002 settlement agreement) in violation of a court order.  When the settlement agreement was ultimately produced, it reflected (consistent with other documentation) that the settlement had been entered into with DAI, the owner of the domain name at issue, not Thomas Delor.

As well, plaintiff Delor has engaged in similar activity before.  He has previously been sanctioned in the Middle District of Florida for filing a suit in bad faith solely to harass the defendant.  Delor v. Jones, 161 F.R.D. 119 (M.D. Fla. 1995). Nonetheless, the prior sanctions did not deter plaintiff from committing the instant Rule 11 violation.

At the rule to show cause, plaintiff's sole defense was that while he knew all the documents suggested that he had assigned domain name to DAI which now owned the domain name, when he

executed those documents, he was untruthful about ownership of the domain name.  In a nutshell, he argues that he is not lying now, because he was lying then.  The absurdity of this argument (especially in light of the voluminous documentation of DAI's ownership) requires no comment.  But to the extent that by his argument Delor means to suggest that the more recent (mis)representations were made in good faith, the Court notes that Delor's prior litigation history belies this suggestion.  Accordingly, the Court finds that Delor has failed to show cause why he should not be sanctioned, and that a sanction in the amount of $50,000 is appropriate.

The Court recognizes that Intercosmos has submitted documentation reflecting that it incurred $241,691.29 in attorneys' fees and $15,206.79 in costs, and Delor has failed to traverse Intercosmos' submission within the time period imposed for doing so by the Court, which would seemingly provide a basis to award Intercosmos the entire amount.  The Court declines to do so for several reasons, including the fact that (as stated above), the purpose of Rule 11 sanctions is to deter future bad conduct, not to accomplish fee-shifting in favor of a prevailing party.  In addition, the Court notes that portions of Intercosmos' fee application are problematic.  For instance, the Carver, Darden time records reflect hourly rates of up to $310.00, a rate which far exceeds the prevailing rate in this

district.  See, e.g., Green v. Administrators of Tulane Educational Fund, 284 F.3d 642, 662 (5th Cir. 2002), as amended on denial of rehearing and rehearing en banc (April 26, 2002)($175 per hour for a partner with 14 years experience within the prevailing market rates for New Orleans); Smith v. Diamond Offshore Management Co., 2004 WL 2694901, *4 (E.D. La. Nov. 23, 2004)(approving rates of $190.00 and $225.00 per hour); Mediq PRN Life Support Services, Inc. v. University Rehabilitation Hosp., 2003 WL 21999340, *3 (E.D. La. Aug. 20, 2003)(noting prevailing New Orleans market rates of $175-$225 per hour).  Also, as might be expected considering that six different attorneys, including two firms and in-house counsel, all worked on this case, some of the time entries appear duplicative and unnecessary.  However, there is no need to engage in a detailed scrutiny and cure of every defect in the billing records, because it is beyond cavil that a $50,000 fee award is supported by the record.  Sufficient documentation is present for attorney Steve Huber's time (391.95 hours at $60 per hour, or $23,517) as well as David Vinterella's time (282.1 hours calculated at a rate of $175) or $49,367.50, and the rates claimed are within the prevailing rate.  And while a $50,000 sanction may seem harsh, as the discussion herein reflects, previous, lesser sanctions have failed to deter Mr. Delor from violating Rule 11.  Further, the excerpts of Mr. Delor's testimony contained in Intercosmos' second supplemental

memorandum suggest that while Mr. Delor has been equivocal about his financial status, a $50,000 sanction is both within his means and substantial enough to get his attention.  See Rec. Doc. 303 at 5-7.  In other words, a sanction of $50,000 appears to be the least severe sanction adequate to deter future violations of Rule 11 by Mr. Delor.

In addition, after considering Delor's abuse of the judicial process both in this case and in other cases, the Court also enjoins defendant from filing any paper related to the ownership of the 1-800-As-SeenONTV domain name in this district without leave of court.

**IT IS SO ORDERED.**

New Orleans, Louisiana, this 12th day of January, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE