UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS DELOR                                CIVIL ACTION

VERSUS                                      NO: 04-3262

INTERCOSMOS MEDIA GROUP,                    SECTION: "J"(2)
INC.

## ORDER AND REASONS

Before the Court is Plaintiff Thomas Delor's **Motion to Disqualify (With Affidavit).** Having considered the motion, the affidavit, and the applicable law, the Court finds that the motion should be **DENIED.**

On January 13, 2006 the Court entered a Judgment imposing $50,000 in sanctions on plaintiff Thomas Delor for willful misrepresentations in violation of Federal Rule of Civil Procedure 11. The sanction was to be deposited in the Registry of the Court by February 13, 2006. Mr. Delor failed to comply with the Court's order, so on April 5, 2006 the Court entered an Order to Show Cause why Mr. Delor should not be held in contempt.

Following a hearing on the matter, the Court ordered Mr. Delor to post a $60,000 bond under Federal Rule of Civil Procedure 62(d) and a separate $5,000 bond under Federal Rule of Appellate Procedure 7 by June 23, 2006. The Court withheld judgment on the contempt issue, and reset the matter for hearing on July 6, 2006, to allow Mr. Delor to demonstrate his good faith by posting the bonds. Mr. Delor moved the Court to reconsider its order to post the bonds. The motion was denied. On June 19, 2006 the Court received a faxed copy of Mr. Delor's Motion to Disqualify.

Mr. Delor cites both 28 U.S.C. § 455 and 28 U.S.C. § 144 as grounds for his motion. Mr. Delor attached an affidavit to his motion as is required by section 144. Section 144 motions must be accompanied by an affidavit and are directed at actual bias, whereas a motion to disqualify under section 455 does not require an affidavit and can succeed based solely on the appearance of bias.

As Mr. Delor correctly informs the Court: "When a party files a § 144 motion, the judge must pass on the sufficiency of the affidavit, but may not pass on the truth of the affidavit's allegations. A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to

2

judicial, in nature." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476,

483 (5th Cir. 2003)(citations omitted). Under section 455 the

Court "must consider 'whether a reasonable and objective person,

knowing all of the facts, would harbor doubts concerning the

judges impartiality." *In re Chevron U.S.A., Inc.*, 121 F.3d 163,

165 (5th Cir. 1997) (internal quotation marks omitted). The goal

of this provision is to "avoid even the appearance of

partiality." *Id.*

Bias or prejudice under section 144 and the appearance of

bias under section 455 must stem from an "extrajudicial source"

or encompass a prejudice "so extreme as to display clear

inability to render fair judgment." *Liteky v. U.S.*, 510 U.S. 540,

551-55 (1994). Judicial rulings will never support recusal, and

opinions formed based on facts introduced or events occurring in

the course of the proceedings will only do so if "they display a

deep-seated favoritism or antagonism that would make fair

judgment impossible." *Id.* at 555. "Thus, judicial remarks during

the course of a trial that are critical or disapproving of, or

even hostile to, counsel, the parties, or their cases, ordinarily

do not support a bias or partiality challenge." *Id.*

The Court has reviewed Mr. Delor's affidavit carefully and

accepts all of the particular facts in it as true. Mr. Delor

complains solely of statements made by the Court during and in

3

relation to the course of the proceedings in this case. There are no allegations of extra-judicial conflicts, contacts, or motives. Statements that the Court has made during the course of the litigation that may reflect poorly on Mr. Delor concern the frivolousness of his claims and his sanctionable conduct during these proceedings. Such statements cannot support disqualification under either section 144 or section 455. If they could, any party that loses an issue or acts in a censurable manner could then have the judge disqualified.

The Motion to Disqualify is insufficient on its face. Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Disqualify (With Affidavit)** is **DENIED**.

New Orleans, Louisiana this the  _22nd_  day of June, 2006.


_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE