UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


THOMAS DELOR                                  CIVIL ACTION

VERSUS                                        NO: 04-3262

INTERCOSMOS MEDIA GROUP,                      SECTION: "J"(2)
INC.


### ORDER AND REASONS

Before the Court are defendant's Motion for Civil Contempt (Doc. 394), Motion to Adjudicate Non-Dischargeability of Debt (Doc. 398), and Motion to Enjoin Contempt Proceeding (Doc. 415). The motions are opposed. Also, before the Court is plaintiff's opposed Motion to Quash the Judgment for Contempt. (Doc. 405.) For the following reasons, the Court finds that plaintiff's motion should be GRANTED and defendant's motions should be DISMISSED as moot.

**PROCEDURAL BACKGROUND**

On January 12, 2006 the Court entered an order that plaintiff pay $50,000 for violating Federal Rule of Civil Procedure 11. The sanction was payable by February 13, 2006.

On May 17, 2006 the Court conducted a debtor examination during a hearing to show cause why plaintiff should not be found in contempt for failing to pay the sanction. At that hearing the Court ordered plaintiff to post a $60,000 bond pursuant to Federal Rule of Civil Procedure 62(d) to cover the sanctions pending the outcome of plaintiff's appeals. The Court ordered a separate $5,000 appeal bond pursuant to Federal Rule of Appellate Procedure 7. These were payable by June 23, 2006. The Court also continued the show cause hearing to July 6, 2006.

On July 6, 2006 at the show cause hearing plaintiff furnished a $5,000 check to cover the Rule 7 bond, which was deposited in the registry of the court. The Court ordered plaintiff to furnish an additional $5,000 bond to cover three additional appeals that he had filed. The Court also found plaintiff in civil contempt for failing to pay the Rule 11 sanction and increased the sanction to $75,000. Plaintiff had until July 18, 2006 to post the new $5,000 bond. Plaintiff was ordered to appear on July 19, 2006 for imprisonment unless he complied with the orders.

On July 17, 2006, the day before plaintiff was required to

post the additional $5,000 bond, three of his four appeals were dismissed. On July 18, 2006, plaintiff filed for bankruptcy in the Middle District of Florida. At the July 19, 2006 hearing the Court stayed enforcement of the contempt order in light of the pending bankruptcy adjudication. On February 6, 2007, plaintiff's dischargeable debts were discharged, without a specific determination as to which debts are covered by the discharge. On February 15, 2007 this case was reopened, and the pending motions were subsequently filed.

## DISCUSSION

*The $25,000 Sanction*

Defendant recognizes that the initial $50,000 sanction for violating Rule 11 has been discharged. Defendant argues that the $25,000 sanction for contempt for failing to pay the $50,000 Rule 11 sanction is exempt from the bankruptcy discharge under 11 U.S.C. § 523(a)(7).

Although after conducting a debtor examination, the Court found that plaintiff had the ability to pay the $50,000 sanction, that finding was based on the paucity and unreliability of the financial information that plaintiff provided. Plaintiff had the burden of establishing his inability to pay. *Petroleos Mexicanos v. Crawford Enter., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987). Presumably the bankruptcy proceeding provided a more complete airing of plaintiff's ability to pay his debts. Following that

proceeding, the bankruptcy court determined that plaintiff was not able to pay his debts and qualified for discharge. As this Court has previously noted, present inability to comply with a court order is a defense to civil contempt. *See id*. In light of the result of the bankruptcy proceedings, this Court now finds that plaintiff was unable to comply with the Court's original Rule 11 sanction. Thus, the grounds for the additional $25,000 sanction of July 6, 2006 have been removed.

Because the Court finds that plaintiff has a valid defense to the $25,000 sanction, the motion to adjudicate its dischargeability in bankruptcy is moot.

*The $5,000 Bond*

Defense counsel has informed the Court that the Florida bankruptcy court has ruled that the second $5,000 appeal bond was discharged by the bankruptcy. In addition, the underlying reason for ordering plaintiff to post the second appeal bond had been removed before the deadline for filing it. All of plaintiff's appeals save one had been dismissed. Because that bond has been found to be discharged, and was in any event no longer necessary, the motion to find plaintiff in contempt for failing to file it has been rendered moot.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Quash is **GRANTED**; the July 6th, 2006 sanction of $25,0000 is **VACATED**;

**IT IS FURTHER ORDERED** that defendant's Motion for Civil Contempt (Doc. 394), Motion to Adjudicate Non-Dischargeability of Debt (Doc. 398), and Motion to Enjoin Contempt Proceeding (Doc. 415) are **DISMISSED** as moot.

New Orleans, Louisiana, this 4th day of April, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE