UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS DELOR | CIVIL ACTION |
| VERSUS | NO: 04-3262 |
| INTERCOSMOS MEDIA GROUP, INC. | SECTION: "J"(2) |

### ORDER

Before the Court is Plaintiff's **Motion to Reconsider** this Court's Judgment imposing sanctions upon Plaintiff in the amount of $50,000 (Rec. Doc. 312).

This Court notes at the outset that the Judgment Plaintiff seeks reconsideration of (Rec. Doc. 312) was quashed subsequent to its entry.  In this Court's order dated April 4, 2006, the Court noted that the $50,000 sanction for violating Rule 11 had been discharged in bankruptcy.  Therefore, Plaintiff's motion to reconsider could and should be denied as moot.

To the extent the Court would interpret Plaintiff's motion to reconsider its Judgment as Plaintiff's request to reinstate his case, no specific procedural vehicle for a motion for

reconsideration exists within the Federal Rules of Civil Procedure. Instead, such motions are considered under Rule 59 or Rule 60.

A district court has considerable discretion to grant or deny a motion for new trial under Rule 59. Kelly v. Bayou Fleet, Inc., No. 06-6871, 2007 WL 3275200, at *1 (E.D. La. Nov. 6, 2007). However, a court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. Id.

At the outset, the Court notes that a motion for new trial under Rule 59 must be filed no later than ten days after the entry of judgment. As Judgment was entered in this case on January 12, 2006, Plaintiff's motion to reconsider under Rule 59, tendered for filing on April 1, 2008, is untimely.

As for Rule 60(b), that statute provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(c) goes on to state that a motion under Rule 60(b)

must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding. As mentioned above, Plaintiff's motion to reconsider under Rule 60(b) is also untimely, as it was tendered for filing outside of the one year period from the entry of judgment on January 12, 2006.

Out of an abundance of caution, however, the Court briefly considers Plaintiff's argument in support of his motion. Plaintiff attempts to make a legal argument that Delor and Associates, Inc. is an alter ego of Plaintiff, and that therefore Plaintiff was a proper party in interest in the suit against Intercosmos Media Group, Inc. However, notwithstanding the untimeliness of Plaintiff's motion, Plaintiff has failed to present any evidence that was not previously available to him, and has similarly failed to establish a manifest error of law.[1] As a result, his motion for reconsideration must be denied. Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Reconsider** is hereby **DENIED**.

---

[1] To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." Kelly v. Bayou Fleet, Inc., No. 06-6871, 2007 WL 3275200, at *1 (E.D. La. Nov. 6, 2007). These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." Simon v. United States of America, 891 F.2d 1154, 1159 (5th Cir. 1990)(internal quotations omitted).

New Orleans, Louisiana, this 15th day of April, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE